■ CAROL KASPER, Respondent, v. BERNARD KASPER, Appellant.— In an action for divorce, defendant appeals from an order of the Supreme Court, Nassau County, dated December 15, 1972, which granted plaintiff's motion for temporary alimony, child custody and support, and a counsel fee. Order affirmed, without costs. Any seeming inequity in a temporary order for alimony and support is to be remedied by a speedy trial where the rights of the parties can be finally determined (*Mezzasalma* v. *Mezzasalma*, 40 A D 2d 1018; *Fleisig* v. *Fleisig*, 40 A D 2d 609). Defendant, of course, is not precluded from making any application to Special Term with respect to visitation that he may deem appropriate. Munder, Acting P. J., Latham, Gulotta, Christ and Benjamin, JJ., concur.

■ TILLIE MEYERS, as Administratrix of the Estate of HAROLD MEYERS, Deceased, Appellant, v. JOSEPH TOSCANO et al., Doing Business as Triangle Stores, Respondents. (Action No. 1.) (And Another Action.) — In consolidated negligence actions, plaintiff in action No. 1 appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Kings County, entered April 6, 1971, as is in favor of defendants in action No. 1 and against her, upon a jury verdict. Judgment affirmed insofar as appealed from, without costs. No opinion. Appeal by said plaintiff from a purported order of the same court, which the notice of appeal states was "decided" January 5, 1970, denying her motion to set aside the verdict, dismissed, without costs. It appears that no such order was made. A decision denying said motion was made on January 5, 1970. No appeal lies from a decision. However, the contentions raised with respect to the motion were considered on the appeal from the judgment. Rabin, P. J., Hopkins, Munder, Martuscello and Latham, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. ANTHONY FASANO, Respondent.— In a proceeding in the nature of habeas corpus, the appeal is from an order of the Supreme Court, Suffolk County, dated January 19, 1973, which conditionally granted defendant's motion to reinstate bail previously fixed at $5,000. Appeal dismissed as moot, without costs, in view of the People's consent, in connection with defendant's motion to be released from jail, to the fixation of bail in the sum of $5,000. Latham, Acting P. J., Shapiro, Gulotta, Brennan and Benjamin, JJ., concur.